IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIW, INC. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ZURICH AMERICAN INSURANCE | § | CIVIL ACTION NO. H-05-3240 |
| COMPANY, THE NORTHERN | § | |
| INSURANCE COMPANY OF NEW | § | |
| YORK, and SPRING INSURANCE | § | |
| AGENCY, INC. | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This is an insurance coverage dispute between Plaintiff KIW, Inc. and Defendants Northern Insurance Company of New York ("Northern"), Spring Insurance Agency, Inc. ("Spring"), and Zurich American Insurance Company ("Zurich").[1] The case is before the Court on Plaintiff's Motion to Remand [Doc. # 7] ("Motion to Remand"). Defendants have filed a Response [Doc. # 10] ("Response"), Plaintiff has filed a Reply [Doc. # 13], and Defendants have filed a Surresponse [Doc. # 12]. Also before the Court is Spring's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. # 5] ("Spring's Motion to Dismiss"). Plaintiff has filed a Response to Spring's Motion to Dismiss [Doc. # 9] and Spring has filed a Reply [Doc. # 11].

Having reviewed the full record in this case, as well as the applicable legal authorities, the Court concludes that it lacks subject matter jurisdiction and this case

---

[1]     Defendants Northern, Spring, and Zurich are collectively referred to herein as "Defendants."

must be **remanded** to state court.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff operates Kristy's Bridal and Formal Boutique in Humble, Texas. Northern issued an insurance policy (the "Policy") to Plaintiff. Northern is a subsidiary of Zurich. Spring is the insurance agent that sold the Policy to Plaintiff. The Policy covered casualty losses to Plaintiff's building and personal property.

On June 15, 2001, Plaintiff presented Defendants with a claim for roof damage allegedly caused by Tropical Storm Allison. Plaintiff's claim also included damages for loss of inventory and loss of business income. After conducting an investigation, Defendants explained to Plaintiff that the roof leaks occurred due to maintenance problems and structural defects. Defendants denied coverage claiming Plaintiff's losses were not due to a covered peril.

After its claim was denied, Plaintiff filed this lawsuit in the 55th Judicial District Court for Harris County, Texas. Plaintiff alleges that "Defendants represented and warranted that the [P]olicy provided benefits and coverage for losses of this [sic] type covered in June 2001" and that "Defendants' actions constitute misrepresentations, breaches of warranty, and breaches of contract for which [Plaintiff] now sues."[2]

Northern and Zurich are both New York corporations with principal places of business in Illinois. Spring is a Texas corporation with a principal place of business in Texas. Plaintiff is a Texas corporation with a principal place of business in Texas. Defendants removed the case to federal court on the basis of diversity jurisdiction,

---

[2]   Plaintiff's Original Petition ("Plaintiff's Petition"), Exhibit B to Defendants' Notice of Removal [Doc. # 1], ¶¶ 7–8.

alleging that Spring, the only non-diverse defendant, was "fraudulently joined to defeat diversity jurisdiction."[3] Spring has filed a Motion to Dismiss in which it argues that Plaintiff failed to state a claim against Spring as a matter of law.[4] Plaintiff filed a Motion to Remand, which is now ripe for decision.

## II. APPLICABLE LAW

### A. Removal Jurisdiction

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997) (citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank*, 128 F.3d at 922; *Manguno*, 276 F.3d at 723. In evaluating the propriety of removal, this Court must evaluate all factual allegations in the light most favorable to Plaintiff, must resolve all contested issues of fact in favor of Plaintiff, and must resolve all ambiguities of controlling state law in favor of

---

[3] Defendants' Notice of Removal, at 2.

[4] Spring's Motion to Dismiss, at 4–7. However, the Court may not rule on Spring's Motion to Dismiss absent subject matter jurisdiction. The Court must first consider Plaintiff's Motion to Remand. Because the Court ultimately concludes that it lacks subject matter jurisdiction and remands this case to state court, the Court does not address Spring's Motion to Dismiss. *See Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 1000 (5th Cir. 2000) (finding a lack of subject matter jurisdiction precludes dismissal of the case).

Plaintiff. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

### B.   **Improper Joinder**[5]

The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 1825 (2005). The court lacks jurisdiction when the removing party does not meet this burden. *Id.*

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 573 (quoting *Travis,* 326 F.3d at 646–47). If a defendant has not alleged actual fraud in the pleading of jurisdictional facts,[6] the sole inquiry "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state

---

[5]  The Fifth Circuit has adopted "improper joinder" as the preferred terminology rather than "fraudulent joinder." *Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005) (citing *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 n.1 (5th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 1825 (2005)).

[6]  Defendants have not alleged any fraud in the pleading of jurisdictional facts.

defendant."[7]  *Smallwood*, 385 F.3d at 573.  But "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."  *Id.* at n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."  *Smallwood,* 385 F.3d at 573.  In determining whether a plaintiff has a "reasonable basis" for recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.*  In conducting this analysis, courts should accept as true all well-pleaded facts and view all reasonable inferences in the light most favorable to the plaintiff.  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (citation omitted).  In some limited circumstances, a district court may, in its discretion, pierce the pleadings and conduct a summary inquiry to determine whether a plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder."  *Smallwood*, 385 F.3d at 573.  "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.*  at 573–74.  In such an inquiry, courts must take into account all unchallenged factual allegations in the light most favorable to plaintiff, and must resolve any ambiguity in state law in plaintiff's favor.  *Travis*, 326 F.3d at 649.

---

[7]   The Fifth Circuit has adopted this phrasing of the required proof for improper joinder and rejected all others.  *Smallwood,* 385 F.3d at 573.

## III.    ANALYSIS

     Plaintiff maintains that removal is improper because Spring and Plaintiff are both Texas citizens and thus diversity of citizenship is lacking. Defendants disagree and contend remand is not warranted, arguing that Spring was improperly joined and its citizenship should be disregarded. Defendants claim that Plaintiff's Petition contains "absolutely no fact specific allegations against Spring that would support a cause of action against this non-diverse defendant."[8] Defendants do not assert that there is any fraud in Plaintiff's pleading of jurisdictional facts. Remand is therefore appropriate unless Defendants demonstrate there is "no reasonable basis" for the Court to predict Plaintiff might be able to recover against Spring in state court. *See Smallwood,* 385 F.3d at 573.[9]

     "Texas follows a 'fair notice' pleading standard, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. C.L. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Ft. Worth 2004, pet. filed) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). "The test of the 'fair notice' pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain [the] nature and basic issues of

---

[8]     Response, ¶ 11.

[9]     As noted above, in exceptional cases improper joinder claims may be resolved by "piercing the pleadings" and conducting a summary inquiry. However, this approach is only appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. Here, the presence of such discrete and undisputed facts is not at issue. Accordingly, the Court conducts only a Rule 12(b)(6)-type analysis to determine whether Plaintiff's Petition asserts a viable claim under Texas law against Spring. *See id.* at 573.

controversy and testimony probably relevant." *City of Alamo v. Casas*, 960 S.W.2d 240, 251 (Tex. App.—Corpus Christi 1997, pet. denied). "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Auld*, 34 S.W.3d at 897. A party's pleadings are to be construed liberally in favor of the pleader. *Id.*

Here, Plaintiff has made claims for breach of contract, breach of warranty, and misrepresentations against all Defendants.[10] Defendants maintain that Plaintiff's allegations focus "solely on the conduct of Northern and Zurich in processing the denial of the claim" and that "[n]owhere in Plaintiff's Petition is there a single allegation of wrongdoing attributed to Spring."[11] The Court agrees with Defendants that the factual allegations in Plaintiff's Petition are generic and minimal. The Court cannot conclude, however, that Plaintiff's Petition fails to meet Texas' fair notice pleading standard as against Spring. Plaintiff's Petition gives notice of claims asserted against Spring. The underlying facts may be developed more fully through discovery.

Specifically, Plaintiff has sufficiently stated a misrepresentation claim against Spring. Although it is not exactly clear whether Plaintiff alleges Spring negligently or intentionally misrepresented the Policy's coverage, this distinction is immaterial because Texas courts have recognized actionable common law tort claims based on either an insurance agent's negligent or intentional misrepresentation.[12]

---

[10]   Plaintiff's Petition, ¶ 8.

[11]   *See* Response, ¶ 14. However, the Court notes that Plaintiff's Petition refers to Northern, Spring, and Zurich collectively as "Defendants." Like Spring, there are also no specific allegations of wrongdoing attributable to Northern or Zurich.

[12]   *Nast v. State Farm Fire and Cas. Co.*, 82 S.W.3d 114, 124 (Tex. App.—San Antonio 2002,
(continued...)

Further, Texas courts have acknowledged that an insurance agent may be liable under the Texas Deceptive Trade Practices Act ("DTPA")[13] for misrepresenting specific policy terms prior to a loss where the insured's reliance upon the misrepresentation causes damages.[14] Although Plaintiff did not specifically plead a DTPA cause of action, Texas courts do not require a petition to set forth the formal title of the DTPA or indicate the specific DTPA sections in order to allege a claim under the act. *See Brown v. Henderson*, 941 S.W.2d 190, 192 (Tex. App.—Corpus Christi 1996, no writ); *Holland Mortgage & Inv. Corp. v. Bone*, 751 S.W.2d 515, 519 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *see also Weitzel v. Barnes*, 691 S.W.2d 598, 601 (Tex. 1985). A plaintiff must only sufficiently plead facts giving rise to a specific DTPA violation. *Troutman v. Traeco Bldg. Sys., Inc.*, 724 S.W.2d 385, 387 (Tex. 1987).

Plaintiff's Petition contains the following allegations:

---

[12] (...continued)
no pet.) (finding insured stated claim for negligent misrepresentation against insurance agent regarding insurance coverage); *Shandee Corp. v. Kemper Group*, 880 S.W.2d 409, 413 (Tex. App.—Houston 1994, writ denied) (determining evidence supported finding that insurance agent committed fraud against insured by intentionally misrepresenting an insurance policy's coverage).

[13] Section 17.46 of the Texas DTPA articulates a laundry list of unlawful deceptive business practices that are unfair or deceptive. TEX. BUS. & COM. CODE ANN. § 17.46 (Vernon Supp. 2005). The act forbids "representing that goods or services have . . . benefits . . . which they do not have." *Id.* at § 17.46(b)(5). It also prohibits the failure to disclose material information in an attempt to induce a consumer to make a purchase that would not otherwise have been made. *Id.* at § 17.46(b)(24).

[14] *State Farm Fire & Casualty Co. v. Gros,* 818 S.W.2d 908, 912–13 (Tex. App.—Austin 1991, no writ) (affirming jury award against insurance agent under the DTPA where the agent misrepresented that damage to insured's home from a mudslide was covered under the policy); *see also Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999) (noting insurance agents may be liable for misrepresenting policy coverage under the Texas DTPA); *Up North Plastics, Inc. v. AIG Ins. Co.*, 2004 WL 1418792, at *2 (N.D. Tex. Jun. 23, 2004) (finding plaintiff stated a claim under the Texas DTPA against insurance agent who allegedly misrepresented insurance coverage).

- [Plaintiff] had purchased casualty insurance from [D]efendants.

- Defendants represented and warranted that the policy provided benefits and coverage for losses of this [sic] type suffered in June 2001.

- [Plaintiff] presented a claim for benefits under the insurance policy. In August 2001, Defendants denied coverage claiming the loss was not the result of a Covered Cause of Loss (as defined by the policy). In 2005, [Plaintiff] developed information to establish the loss was in fact covered by a Covered Cause of Loss; however, Defendants still denied coverage.

- Defendants' actions constitute misrepresentations, breaches of warranty, and breaches of contract for which [Plaintiff] now sues.[15]

Mindful of Texas' liberal pleading standard and viewing all reasonable factual inferences in favor of the Plaintiff, the Court finds that Plaintiff's Petition provides a reasonable basis for predicting that Plaintiff could recover—under the common law and the DTPA—against Spring for misrepresenting the Policy's coverage. The Court can reasonably infer from the pleading that Spring's alleged misrepresentation of a specific term of the Policy—namely, that it covered losses of the type sustained in June 2001—was made while the parties were negotiating the terms of the Policy (prior to the loss). As a result of Spring's misrepresentation, Plaintiff claims to have "suffered losses which should have been covered by insurance."[16] Plaintiff's Petition permits the inference that, but for Spring's misrepresentation, Plaintiff would have taken steps to secure insurance that would have covered the June 2001 loss. The Court cannot

---

[15] Plaintiff's Petition, ¶¶ 7–8. It is clear that Plaintiff cannot allege a breach of contract claim against Spring, an entity with which Plaintiff had no contract or any indication of an intention to contract. Similarly, there appears on this record no basis for breach of warranty claims that sound in contract against Spring.

[16] *Id.*, ¶ 8.

conclude Plaintiff has not stated a misrepresentation claim against Spring.[17] Consequently, Spring's joinder is proper and there is no complete diversity of citizenship.[18]

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Defendants have failed to show improper joinder and accordingly have failed to demonstrate the existence of diversity jurisdiction. It is therefore

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **GRANTED** and this case is **REMANDED** to the 55th Judicial District Court for Harris County, Texas. The Court will issue a separate remand order.

**SIGNED** at Houston, Texas, this **14th** day of **December 2005.**

Nancy F. Atlas
United States District Judge

---

[17] The Court expresses no opinion on Plaintiff's likelihood of success against Spring in state court.

[18] Plaintiff also asserts that Defendants' removal is procedurally defective because (1) Spring did not join in or consent to removal and (2) Defendants failed to sufficiently allege in the Notice of Removal why Spring was improperly joined. Motion to Remand, ¶¶ 5–8, 9–10. The Court does not reach these issues because it concludes on other grounds that Defendants have not established that Spring was improperly joined. As to Plaintiff's second argument, it is noted that, "as a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *see also Alonso ex rel. Estate of Cagle v. Maytag Corp.*, 356 F. Supp. 2d 757, 760 (S.D. Tex. 2005). Because Defendants argue Spring was improperly joined, Spring's consent to removal is not required. *See Jernigan*, 989 F.2d at 815. But, given the ruling that Spring was not improperly joined, the Court does not rely on this doctrine.